IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOE 1 <br><br> Defendants. | Case No. _____ <br><br> COMPLAINT |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Criminal Productions, Inc. ("CPI"), by and through its undersigned counsel, for and as its Complaint against Defendant, alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Law of the United States (17 U.S.C. §101 *et seq.*). As set forth in greater detail below, this action involves the unauthorized acquisition, copying and transfer of the copyrighted motion picture *Criminal* (hereinafter, "the Motion Picture" or "*Criminal*") by Defendants.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. Upon information and belief, the defendant resides in this Division and in this Judicial District.

4. On information and belief, personal jurisdiction in this District is proper because the Defendant, without consent or permission of Plaintiff as exclusive rights owner, within this District, reproduced, distributed and offered to distribute among other Defendants over the Internet the copyrighted Motion Picture for which Plaintiff has exclusive rights. Plaintiff has used geolocation technology to trace the Internet Protocol ("IP") addresses of the Defendant to a point of origin within this District. On information and belief, the Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

5. In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Virginia long-arm statute, Va. Code § 8.01-328.1, because they downloaded copyrighted content from or uploaded it to Virginia residents located in this District, thus committing a tortious act within the meaning of the statute.

6. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of the Defendant is unknown to Plaintiff at this time, on information and belief, Defendant resides in this District, may be found in

this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## THE PARTIES

7. Plaintiff CPI is a Nevada corporation with principal offices in Los Angeles, California and an affiliate of Nu Image / Millennium Films, production companies and distributors of a notable catalog of major motion pictures.

8. Plaintiff is the owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the Motion Picture that has been unlawfully distributed over the Internet by Defendants.

9. The true name of Defendant is unknown to Plaintiff at this time. The Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to the Defendant by his or her Internet Service Provider and the date and the time at which the infringing activity of the Defendant was observed. Plaintiff believes that information obtained in discovery will lead to the identification of Defendant's true name and will permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained may lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## ALLEGATIONS

10. Criminal is a major motion picture released in theatres in April 2016.

11. The motion picture Criminal is action thriller about what happens when the memories, secrets and skills of a dead CIA operative are implanted into the mind of an unpredictable dangerous prison inmate in hopes that he will be able to complete the operative's mission.

12. Criminal is protected by the Copyright Act in registration PA 1-984-029, April 15, 2016, preregistered as PRE 8521, and the copyright registration filed for the screenplay PAu 3-772-954.  Exhibit A.

13. Under The Copyright Act, CPI is the proprietor of copyrights and related interest needed to bring suit.

14. The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

15. The motion picture is currently offered for sale in commerce being currently a major motion picture release in theatres

16. Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture and copies, each of which

bore a proper copyright notice.

17. CPI comes to court seeking relief as the motion picture *Criminal*, within hours of theatrical release, was pirated and is being trafficked in the BitTorrent network and is being illegally downloaded and distributed countless times worldwide with many confirmed instances of infringing activity traced to Virginia.

18. The defendant's IP address has also been observed as associated with the peer-to-peer exchange of hundreds of other copyrighted titles through the BitTorrent network and in addition to plaintiff's motion picture has been observed actively distributing the motion pictures: *London Has Fallen* and *Cell*. As such the defendant's conduct is clearly willful and persistent.

19. The acquisition, copying and transfer of the Motion Picture is accomplished by using a network called a "BitTorrent protocol" or "torrent," which is different than a Peer-to-Peer ("P2P") protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers for copying large files such as movies. The initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") and the network connect to the seed file to download a movie. As additional peers request the same file, each additional

user knowingly becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network intentionally also becomes a source of download for that infringing file.

20.   This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, because of the nature of the swarm downloads as described above, every infringer is stealing copyrighted material from many Internet Service Providers ("ISPs") in numerous jurisdictions.

21.   Plaintiff brings this action to stop Defendants from copying and distributing to others over the Internet unauthorized copies of Plaintiff's copyrighted Motion

Picture. Defendants' infringements allow them and others unlawfully to obtain and distribute an unauthorized copy of the Motion Picture for free. Each time a Defendant unlawfully distributes a free copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies the Motion Picture then distributes the unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

## COUNT I
## COPYRIGHT INFRINGEMENT

22. The Motion Picture is currently available for viewing throughout the U.S. As a result, the Motion Picture has significant value and has been produced and created at considerable expense.

23. Under The Copyright Act, CPI is the proprietor of all copyrights and interests needed to bring suit.

24. The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

25. The motion picture is currently offered for sale in commerce.

7

26. The Copyrighted Motion Picture includes a copyright notice advising the viewer that the motion picture is protected by the Copyright Laws.

27. Upon information and belief, the Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all promotional material and copies, which bore a proper copyright notice.

28. Plaintiff is informed and believes that the Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the Copyrighted Motion Picture. Plaintiff has identified the Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of the Defendant was observed. (Exhibit B). The Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. The Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

29. On information and belief, the Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's Copyrighted Motion Picture in digital form with other Defendants. In particular, on information and belief, Defendants participated in a collective and interdependent manner with

other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

30. By participating in the same swarm, the Defendant participated in the same transaction, occurrence or series of transactions or occurrences as the other Defendants in the swarm. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

31. As a result of the Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

32. The conduct of the Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting the Defendant from further infringing Plaintiff's copyright and ordering that the Defendant destroy all unauthorized copies of the Copyrighted Motion Picture.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the Defendant and relief as follows:

1. For entry of permanent injunctions providing that the Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. The Defendant also shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Motion Picture transferred onto any physical medium or device in the Defendant's possession, custody or control.

2. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

3. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

4.   For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's Motion Picture which are in Defendants' possession or under their control.

5.   For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees pursuant to 17 U.S.C. § 505, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

6.   For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: January 22, 2017            Respectfully submitted,

By: *[signature]*

Dale R. Jensen (VSB 71109)
Dale Jensen, PLC
606 Bull Run
Staunton, VA  24401
(434) 249-3874
(866) 372-0348 facsimile
djensen@dalejensenlaw.com
Counsel for Criminal Productions, Inc.